UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

---

No. 26-2596

---

ABBVIE INC. (a Delaware corporation); ALLERGAN, INC. (a Delaware corporation); DURATA THERAPEUTICS, INC. (a Delaware corporation); ABBVIE PRODUCTS LLC (a Georgia limited liability company); PHARMACYCLICS LLC (a Delaware limited liability company); ALLERGAN SALES, LLC (a Delaware limited liability company),

*Plaintiff-Appellant,*

v.

MARTY JACKLEY, *in his official capacity as Attorney General*,
MONAE JOHNSON, *in her official capacity as Secretary of State*.

*Defendants-Appellees.*

---

No. 26-2597

---

ASTRAZENECA PHARMACEUTICALS LP,

*Plaintiff-Appellant,*

v.

MARTY JACKLEY, *in his official capacity as Attorney General*,
MONAE JOHNSON, *in her official capacity as Secretary of State*.

*Defendants-Appellees.*

No. 26-2694

PHARMACEUTICAL RESEARCH AND MANUFACTURERS OF AMERICA,

*Plaintiff-Appellant,*

v.

MARTY JACKLEY, *in his official capacity as Attorney General*, MONAE JOHNSON, *in her official capacity as Secretary of State.*

*Defendants-Appellees.*

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH DAKOTA, CENTRAL DIVISION

THE HONORABLE ROBERTO A. LANGE
United States District Court Judge

**APPELLEES' RESPONSE TO PETITION FOR INITIAL HEARING EN BANC**


MARTY J. JACKLEY
Attorney General
GRANT M. FLYNN
Assistant Attorney General
1302 E. Highway 1889, Suite 1
Pierre, SD 57501-8501
Telephone: 605-773-3215
Grant.Flyn@state.sd.us

MATTHEW S. OWEN
RUSSEL B. BALIKIAN
Gibson, Dunn, & Crutcher, LLP
1700 M Street N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
mowen@gibsondunn.com
rbalikian@gibsondunn.com

ATTORNEYS FOR APPELLEES

ALLON KEDEM
JEFFREY L. HANDWERKER
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001-3743
Telephone: (202) 942-5000
Allon.kedem@arnoldporter.com
Jeffrey.handwerker@arnoldporter.com
*Counsel for AstraZeneca Pharmaceuticals, LP*

ERIN E. MURPHY
MATTHEW D. ROWEN
PHILIP HAMMERSLEY
Clement & Murphy, PLLC
706 Duke St.
Alexandria, VA 22314
Telephone: (202) 742-8900
Erin.murphy@clementmurphy.com
*Counsel for Pharmaceutical Research and Manufacturers of America*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES.....................................................i

INTRODUCTION.............................................................1

QUESTION PRESENTED.....................................................3

STATEMENT OF THE CASE ...................................................3

ARGUMENT

I. *Rule 40 sets a high bar for initial en banc consideration*.........................................................3

(A) the panel decision conflicts with a decision of the court to which the petition is addressed (with citation to the conflicting case or cases) and the full court's consideration is therefore necessary to secure or maintain uniformity of the court's decisions.............................................................7

(B) the panel decision conflicts with a decision of the United States Supreme Court (with citation to the conflicting case or cases)...............................................................8

(C) the panel decision conflicts with an authoritative decision of another United States court of appeals (with citation to the conflicting case or cases)...............................................................8

(D) the proceeding involves one or more questions of exceptional importance, each concisely stated...............................................................8

II. *Any potential authoritative conflicts are manufactured by Appellants while most Courts have decided consistently with the decisions within the Eighth Circuit*...........................................................9

III. *This case is appropriate for panel consideration*......................................................14

CONCLUSION..........................................................................15

CERTIFICATE OF COMPLIANCE.............................................17

CERTIFICATE OF SERVICE.....................................................17

## TABLE OF AUTHORITIES

Cases Page(s)

*Forest Park II v. Hadley* 336 F.3d 724 (8th Cir. 2003) .................... 13

*AbbVie Inc. v. Fitch*, 2024 WL 3503965 ................................... Passim

*AbbVie v. Fitch*,
152 F.4th 635 (5th Cir. 2025) ................................................... 10

*AbbVie v. Murrill*,
180 F.4th 747 (5th Cir. 2026) ................................................... 10

*AbbVie v. Skrmetti*,
2025 WL 1805271 (M.D. Tenn. June 30, 2025) ........................... 10

*AbbVie v. Weiser*,
811 F.Supp.3d 1264 (D. Colo. 2025) .......................................... 10

*Abbvie Inc. v. Wrigley*, No. 1:25-CV-00081, 2026 WL 2149663
(D.N.D. July 27, 2026) ................................................................ *12*

*AbbVie v. Wrigley*,
2026 WL 1133457 (D.N.D. Apr. 27, 2026) .............................. 1, 11

*AbbVie, Inc. v. Ellison*, (DSD/TNL), 2025 WL 1003909
(D. Minn. Apr. 3, 2025) ................................................................ 2

*Astrazenca Pharms. LP v. Bailey*, 2025 WL 644285 (W.D. Mo. Feb.
27, 2025) ............................................................................. 1, 2, 10

*AstraZeneca Pharm. LP v. Fitch*,
766 F.Supp.3d 657 (S.D. Miss. 2024) ......................................... 10

*AstraZeneca Pharms. LP v. McClain*, 2025 WL 4092197 (E.D. Ark.
Sept. 30, 2025) ............................................................................. 1

*Novartis Pharmaceuticals Corp. v. Hanaway, 180 F.4th 1097 (8th Cir. 2026)* ............ 2, 4, 9

*Novartis Pharmaceuticals Corp. v. Hanaway, 2026 WL 2729618 (8th Cir. Sept. 16, 2026)* ............ *1, 10, 12*

*Maye v. United States*, 769 F. App'x 882 (11th Cir. 2019) ............ 8

*Pharmaceutical Research and Manufacturers of America (PhRMA) v. McClain,* 645 F.Supp.3d 890 (E.D. Ark. 2022) ............ 10, 12

*Pharmaceutical Research and Manufacturers of America v. McCuskey,*171 F.4th............ 2, 9, 11, 12

*Novartis Pharm. Corp. v. Bailey*, 2025 WL 489881 (W.D. Mo. Feb. 13, 2025) ............ 2, 11

*Novartis Pharm. Corp. v. Brown*, 2026 WL 1660347 (W.D. Wash. June 9, 2026) ............ 10

*Novartis Pharm. Corp. v. Fitch*, 738 F.Supp.3d 737 (S.D. Miss. 2024) ............ 10

*Novartis Pharm. Corp. v. Frey*, 2025 WL 2813787 (D. Me. Sept. 23, 2025) ............ 10

*Novartis Pharm. Corp. v. Johnson*, 102 F.4th 452 (D.C. Cir. 2024) ............ 4

*Pharm. Rsch. & Mfrs. of Am. v. Bailey*, 2025 WL 644281 (W.D. Mo. Feb. 27, 2025) ............ 2, 11

*Pharm. Rsch. & Mfrs. of Am. v. McClain*, 95 F.4th 1136 (8th Cir.) ............ 2, 9, 10, 12

*Pharm. Rsch. & Mfrs. of Am. v. Murrill*, 2024 WL 4361597 (W.D. La. Sept. 30, 2024) ............ 2, 10

*PhRMA v. McCuskey*,
171 F.4th 830 (4th Cir. 2026) .................................................... 1

*Walker v. Lockhart*,
726 F.2d 1238 (8th Cir. 1984) .................................................... 8

Statutes

42 U.S.C. § 256b .................................................... 3

42 U.S.C.A. § 256b(a)(4) .................................................... 4

SDCL Ch. 58-29G .................................................... 3

SDCL § 58-29G-2 .................................................... 5

SDCL § 58-29G-3 .................................................... 5

Rules

Fed. R. App. P. 40 (g) .................................................... 8, 14

Fed. R. App. P. 40(b)(2) .................................................... 7, 9

Fed. R. App. P. 40(b)(2) and (g) .................................................... 9

Federal Rule of Appellate Procedure 40 .................................................... 7

Other Authorities

S.B. 154 .................................................... 3

SB 154 .................................................... 3, 5, 15

Senate Bill 154 .................................................... 3

## INTRODUCTION

As this Court rejected Appellants' request for rehearing en banc in the *Hanaway* case, Appellees do not address the need to consider this case separately. *Novartis Pharm. Corp. v. Catherine L. Hanaway, in her official capacity as Att'y Gen. of the State of Missouri, et al.*, No. 25-1619, 2026 WL 2729618, at *1 (8th Cir. Sept. 16, 2026). Appellants largely ignore the extremely high bar that Congress has set for initial hearings en banc, likely because they know they have failed to meet it as they did in *Hanaway*. *Id.* Appellants are likewise eager to benefit from their significant resources and capitalize on the chaos their successive litigation has sown amongst the district courts and select circuits.

But the decisions that support Appellants' claims of authoritative conflict are outliers. *PhRMA v. McCuskey*, 171 F.4th 830 (4th Cir. 2026), *AbbVie v. Wrigley*, 2026 WL 1133457 (D.N.D. Apr. 27, 2026); *Astrazenca Pharms. LP v. Bailey*, No. 2:24-CV-04143-MDH, 2025 WL 644285, at *4 (W.D. Mo. Feb. 27, 2025); *AstraZeneca Pharms. LP v. McClain*, No. 4:24-CV-00268-KGB, 2025 WL 4092197, at *8 (E.D. Ark. Sept. 30, 2025).

And in the rare instances where en banc review has been granted, rehearing has served to address those outlier cases. *McCuskey*, 171 F.4th at 695 n.12. Meanwhile, the Eighth Circuit has interpreted the law surrounding 340B statutes consistently, both internally and with the majority of other courts. *See Pharm. Rsch. & Mfrs. of Am. v. McClain*, 95 F.4th 1136, 1146 (8th Cir.), *cert. denied* 145 S. Ct. 768, 220 L. Ed. 2d 272 (2024); *Hanaway*, 180 F.4th 1097; *Pharm. Rsch. & Mfrs. of Am. v. Murrill*, No. 6:23-CV-00997, 2024 WL 4361597, at *15 (W.D. La. Sept. 30, 2024); *AbbVie, Inc. v. Ellison*, No. CV 24-2605 (DSD/TNL), 2025 WL 1003909, at *4 (D. Minn. Apr. 3, 2025); *AbbVie Inc. v. Fitch*, No. 1:24-CV-184-HSO-BWR, 2024 WL 3503965, at *21; *Novartis Pharm. Corp. v. Bailey*, No. 2:24-CV-04131-MDH, 2025 WL 489881, at *5-7 (W.D. Mo. Feb. 13, 2025); *Pharm. Rsch. & Mfrs. of Am. v. Bailey*, No. 2:24-CV-04144-MDH, 2025 WL 644281, at *6-7 (W.D. Mo. Feb. 27, 2025); *Astrazenca Pharm. LP v. Bailey*, No. 2:24-CV-04143-MDH, 2025 WL 644285, at *1 (W.D. Mo. Feb. 27, 2025). For these reasons, this case remains appropriate for panel consideration.

## QUESTION PRESENTED

Whether Appellants have satisfied the extremely high bar set by Rule 40(g) for an initial hearing en banc?

## STATEMENT OF THE CASE

Plaintiff PhRMA is a trade association representing pharmaceutical manufacturers who participate in the 340B program. PhRMA Doc. 1-1, ¶ 5.[1] Meanwhile, AbbVie and AstraZeneca are manufacturers of pharmaceuticals who also participate in the 340B program.[2] AbbVie Doc. 37, ¶ 21; AZ Doc. 16, ¶ 16. Plaintiffs' Complaints center around the federal 340B medication pricing program, 42 U.S.C. § 256b, and legislation complementary to that program enacted during the 100th Session of the South Dakota State Legislature, Senate Bill

---

[1] Throughout this brief, references to the individual district court files will be designated by Plaintiff, i.e. AbbVie, AstraZeneca, or PhRMA, followed the document number and pinpoint cite where appropriate. Where a document appears in all three cases, Appellee cites to the AbbVie case.

[2] Notably, AstraZeneca is a member of PhRMA. Press Release, PhRMA, PhRMA Welcomes AstraZeneca to the Association (April 22, 2025) https://phrma.org/resources/phrma-welcomes-astrazeneca-to-the-association (last visited September 21, 2026).

154 (2025) (hereinafter "SB 154"). S.B. 154, 100th Leg. (S.D. 2025).[3]

The 340B drug pricing program limits the price that participating pharmaceutical manufacturers may charge "covered entities"[4] for certain medications. PhRMA Doc. 1-1, ¶ 12-14; AZ Doc. 16, ¶ 19-22. The reduced prices are intended to permit covered entities "to stretch scarce Federal resources as far as possible…." *Novartis Pharm. Corp. v. Hanaway*, 180 F.4th 1097, 1102 (8th Cir. 2026) (citations omitted). The 340B program likewise benefits manufacturers as inclusion of certain drugs in the program is necessary for manufacturers to receive Medicare Part B and Medicaid reimbursement for those drugs. AbbVie Doc. 67, pg. 4. Throughout its history, the 340B program has implicitly tolerated or explicitly permitted the use of contract pharmacies by covered entities. *Fitch*, No. 1:24-CV-184-HSO-BWR, 2024 WL 3503965, at *4; *Novartis Pharm. Corp.*

[3] Legislative text and history available here: https://sdlegislature.gov/Session/Bill/25981. The text of SB 154 is currently codified at SDCL Ch. 58-29G.

[4] "Covered Entities" is a term defined as a part of the 340B program and includes 15 separate, specifically defined healthcare entities. 42 U.S.C.A. § 256b(a)(4).

*v. Johnson*, 102 F.4th 452, 456-58 (D.C. Cir. 2024). A contract pharmacy is an independent pharmacy that the covered entity utilizes to fill prescriptions for its patients. *Novartis*, 102 F.4th at 456-57.

Believing the contract pharmacy system to be subject to abuse, several manufacturers implemented policies limiting the number of contract pharmacies that may receive delivery of medications on behalf of a covered entity. AbbVie Doc. 37, ¶ 9; AZ Doc. 16, ¶ 27-47; PhRMA Doc. 1-1, ¶ 81-105. For example, Plaintiff AstraZeneca will only ship 340B drugs to "a single contract pharmacy site for each covered entity." AZ Doc. 16, ¶ 54-56.

In response to the restrictive tactics of these manufacturers, South Dakota enacted SB 154 which prevents a pharmaceutical manufacturer from refusing to deliver medications to pharmacies authorized to receive them in compliance with federal law. SDCL § 58-29G-2. The law restricts a manufacturer from requiring burdensome claim or utilization data, which exceeds what is required by federal law, as a condition of acquisition or delivery of a 340B drug. SDCL §

58-29G-3. Importantly, SB 154 explicitly declares that "[n]othing in this section requires a pharmaceutical manufacturer to provide a 340B drug price discount to a pharmacy…" and excepts any actions taken by the manufacturer pursuant to or in compliance with federal law. SDCL §§ 58-29G-2, 58-29G-3.

Importantly, the 340B program was not crafted to provide a direct benefit to patients but rather to expand patients' access to care. As Plaintiff PhRMA points out, "Congress could not outright mandate…" price reductions. PhRMA Doc. 1-1, ¶ 13. Rather, Congress made the discounts a part of the bargain for participating in the Medicare Part B and Medicaid programs. *Id.* The 340B program permits covered entities to purchase drugs at a discounted price, distribute those drugs to patients either via an in-house or community pharmacy, and "then use the price savings to maintain and expand access to programs and services targeted to the unique needs of the patients and communities they serve."[5] The program is designed to allow covered entities

[5] *The 340B Drug Pricing Program: A Small Part of the Prescription Drug Market, Delivering Large Benefits to Patients and*

to utilize the cost savings from the 340B program in the way that is most beneficial to the entity and the entity's patients. *Id.* Such discretion includes the option to share the cost savings with a contract pharmacy to avoid the overhead of having an in-house pharmacy.

Congress remains silent on the use of contract pharmacies, continuing to permit covered entities to utilize 340B savings by entering mutually beneficial relationships with them. PhRMA Doc. 1-1, ¶ 118; AZ Doc. 16, ¶ 61. In fact, Congress considered limiting pharmacies to on-site contractors when enacting the 340B program but rejected it. AZ Doc. 16, ¶ 23. In the face of Congressional silence, South Dakota's Legislature may act to protect its citizens. *Fitch*, No. 1:24-CV-184-HSO-BWR, 2024 WL 3503965, at *8.

---

*Communities*, Healthsperien on behalf of the American Hospital Association, pg. 2, https://www.aha.org/system/files/media/file/2024/03/The-340B-Drug-Pricing-Program.pdf (last visited on December 24, 2025).

## ARGUMENT

*I. Rule 40 sets a high bar for initial en banc consideration.*

Federal Rule of Appellate Procedure 40 sets forth the standard for rehearings and en banc hearings. To justify either an initial en banc hearing or a rehearing en banc, a petition must establish one of the following:

> (A) the panel decision conflicts with a decision of the court to which the petition is addressed (with citation to the conflicting case or cases) and the full court's consideration is therefore necessary to secure or maintain uniformity of the court's decisions;
> (B) the panel decision conflicts with a decision of the United States Supreme Court (with citation to the conflicting case or cases);
> (C) the panel decision conflicts with an authoritative decision of another United States court of appeals (with citation to the conflicting case or cases); or
> (D) the proceeding involves one or more questions of exceptional importance, each concisely stated.

Fed. R. App. P. 40(b)(2). Generally, these criteria can be distilled into two categories. Is an en banc hearing necessary to "secure or maintain uniformity" or to address a "question of exceptional importance. *Maye v. United States*, 769 F. App'x 882, 882, n. 1 (11th Cir. 2019).

The Rule notes that "rehearing is not favored and ordinarily will be allowed *only if* one of these factors is met. *Id.* (emphasis

added). Meanwhile, "initial hearing en banc is not favored and ordinarily will not be ordered…", implying that initial hearing en banc may not be appropriate even if one or more factors is met. Fed. R. App. P. 40 (g). As Judge Bright noted, "[r]emedying errors committed by a panel in a previous case represents a significant departure from the normal appellate process and should be taken only in the extremely rare case in which the petitioner can demonstrate constitutional errors of great magnitude." *Walker v. Lockhart*, 726 F.2d 1238, 1253 (8th Cir. 1984). As noted, the Rule sets an even higher bar for initial en banc consideration.

*II. Any potential authoritative conflicts are manufactured by Appellants while most Courts have decided consistently with the decisions within the Eighth Circuit.*

Appellants allege that varying decisions, arising out of the voluminous numbers of challenges that they've filed, risk authoritative conflicts amongst the circuits. Appellants' Petition for Initial Hearing En Banc (hereinafter "Petition"), pg. 11-13. But the vast majority of the circuits have agreed with the district court in these cases and with this Court in *McClain* and *Hanaway*. *Supra*, 2, 10-11. In fact, the only case Appellants

point to where en banc rehearing has been granted constitutes an outlier decision in which the panel struck down a state 340B statute in conflict with other authoritative decisions. *McCuskey*, 171 F.4th at 695 n.12. The present cases do not incorporate such circumstances and were decided consistent with the precedent of this Court and other circuits.

Initial hearing en banc may only be granted where the district court decision conflicts with an internal circuit court decision, a decision of another circuit, or a decision of the United States Supreme Court or where a question of exceptional importance is implicated. Fed. R. App. P. 40(b)(2). Rehearing is not appropriate unless at least one of these factors is met, while, initial en banc hearing "ordinarily will not be ordered…", regardless of how many factors are met. Fed. R. App. P. 40(b)(2) and (g). Appellants have failed to satisfy this high standard.

Primarily, Appellants seek to have this Court overturn its prior decisions in *McClain* and *Hanaway*, but this Court has already declined opportunities to reconsider these decisions. *Pharm. Rsch. & Mfrs. of Am. v. McClain*, 95 F.4th 1136, 1146 (8th Cir.), *cert. denied*, 145 S. Ct. 768, 220 L. Ed. 2d 272 (2024);

*Hanaway,* No. 25-1619, 2026 WL 2729618, at *1. And the Supreme Court has declined to consider *McClain* as well. *Id.* Moreover, several courts have adopted *McClain*'s result. *AbbVie v. Murrill*, 180 F.4th 747, 757–62 (5th Cir. 2026); *AbbVie v. Fitch*, 152 F.4th 635, 645–48 (5th Cir. 2025); *Novartis Pharm. Corp. v. Brown*, 2026 WL 1660347, at *8–20 (W.D. Wash. June 9, 2026); *AbbVie v. Weiser*, 811 F.Supp.3d 1264 (D. Colo. 2025); *AbbVie v. Neronha*, 1:25-cv-00388-JJMAEM (D.R.I. Sept. 30, 2025); *Novartis Pharm. Corp. v. Frey*, 2025 WL 2813787 (D. Me. Sept. 23, 2025); *AbbVie v. Skrmetti*, 2025 WL 1805271 (M.D. Tenn. June 30, 2025); *Astrazenca Pharm. LP v. Bailey*, 2025 WL 644285, at *3 (W.D. Mo. Feb. 27, 2025); *AstraZeneca Pharm. LP v. Fitch*, 766 F.Supp.3d 657 (S.D. Miss. 2024); *Novartis Pharm. Corp. v. Fitch*, 738 F.Supp.3d 737 (S.D. Miss. 2024); *PhRMA v. Murrill*, 2024 WL 4361597, at *8–9 (W.D. La. Sept. 30, 2024); *PhRMA v. McClain*, 645 F.Supp.3d 890, 902 (E.D. Ark. 2022). And still others support *McClain's* rationale. *AbbVie Inc. v. Fitch*, No. 1:24-CV-184-HSO-BWR, 2024 WL 3503965, at *21; *Novartis Pharm. Corp. v. Bailey*, No. 2:24-CV-04131-MDH, 2025 WL 489881, at *5-7 (W.D. Mo. Feb. 13, 2025); *Pharm. Rsch. & Mfrs.*

*of Am. v. Bailey*, No. 2:24-CV-04144-MDH, 2025 WL 644281, at *6-7 (W.D. Mo. Feb. 27, 2025).

In fact, the authority Appellants rely on to demonstrate conflict are uniquely distinct from the present challenges to South Dakota's law. In *Wrigley*, the State offered an interpretation and defense of North Dakota's law that is far different from the statutes in this case. *AbbVie v. Wrigley*, 2026 WL 1133457 (D.N.D. Apr. 27, 2026). Likewise, the panel decision under reconsideration in the Fourth Circuit conflicts with several other circuits and this Court has consistently supported the majority view. *McCuskey*, 171 F.4th at 695 n.12. The remainder of their authority is readily distinguished from the present cases.

First, Judge Traynor's decision does not conflict with *McClain* because the North Dakota statute is unique. *Wrigley*, 2026 WL 1133457. As the court repeatedly noted, unlike Missouri's law, "North Dakota does not argue [that its law] only pertains to delivery, instead arguing it directly alters manufacturer conditions." *Id.* ¶¶ 4–5, 8, 43–47, 59. The law that Judge Traynor considered is thus distinguishable from the

statute at issue here. *See Abbvie Inc. v. Wrigley,* No. 1:25-CV-00081, 2026 WL 2149663, at *1 (D.N.D. July 27, 2026) (Traynor, J.) (distinguishing the panel opinion because "Missouri considered its statute a delivery statute, whereas North Dakota considers its law as regulating price"). South Dakota's statute is also a delivery statute. AbbVie Doc. 67, pg. 11.

Next, Appellants rely on the Fourth Circuit's decision to grant rehearing en banc in *McCuskey*, but they disregard the purpose of the Fourth Circuit's recent rehearing. The *McCuskey* panel disagreed with this Court's *McClain* opinion as well as Fifth Circuit precedent and multiple other cases. *See McCuskey*, 171 F.4th at 695 n.12. The en banc Fourth Circuit deemed it exceptionally important to reconsider that decision. 176 F.4th 830. Here, significant authorities, including this Court's prior decisions in *McClain* and *Hanaway*, support the district court's decision in this case. *McClain*, 95 F.4th 1136; *Hanaway,* No. 25-1619, 2026 WL 2729618, at *1. And the panel has yet to even consider it.

Finally, Appellants point to a handful of district court cases declining to dismiss challenges to state 340B statutes, but each

of these cases is distinguishable and in conflict with Eighth Circuit precedent. The "North Dakota, Utah, Oklahoma, and Hawaii cases" referenced by Plaintiff are each unique from these cases. Petition, pg. 13. The district court explained that the Utah statute expanded the definition of "340B entity" in federal law while South Dakota's statute incorporates that definition. AbbVie Doc. 67, pg. 56 fn. 33. The district court continued that neither the Oklahoma Court nor the *Lopez* Court are bound by the Eighth Circuit's voluntary participation doctrine. *Id.* While the *Harris* case is an Eighth Circuit case from Arkansas, the plaintiffs in that case challenged the designation of the 340B program as voluntary, which the District Court rejected. *Id.* The present case is similarly distinguishable from *Forest Park II v. Hadley* because in that case state law prevented what federal law specifically allowed, withdrawal from the housing program. 336 F.3d 724, 730–31 (8th Cir. 2003). As the district court found, South Dakota's law has no impact on participation in the federal 340B program but merely regulated delivery. AbbVie Doc. 67, pg. 11.

As shown, no legitimate authoritative conflicts exist between the Eighth Circuit's decisions and decisions from any other circuits relative to state statutes regarding 340B drug delivery. The only conflicts that arguably exist are among the various district court cases that Appellant's filed with the deliberate intent to create such a conflict. Neither conflicts among district court decisions, nor conflicts between a district court and its appellate court, are sufficient to warrant initial en banc consideration. Fed. R. App. P. 40 (g).

*III. This case is appropriate for panel consideration.*

Appellants claim that the issues in this case are "exceptionally important" because the statutes at issue could cause "catastrophic damage" resulting in "potentially disastrous consequences…." Petition, pg. 7, 11. Despite these "disastrous consequences", all three Appellants are currently functioning under South Dakota's statutory scheme without issue. None of Appellants' Complaints sought preliminary injunctive relief. *See generally* AbbVie Doc. 37; AstraZeneca Doc. 16; PhRMA Doc. 1-1. In fact, only Appellant AbbVie filed their challenge to South Dakota's law before the law went into effect. *Id.*

By their actions, Appellants concede that this case does not present exceptionally important issues warranting the rare instance of initial en banc review. Fed. R. App. P. 40 (g). While several states' statutes are implicated by Appellants' challenges, most courts have upheld these statutes. *Supra*, 2, 10-11. Meanwhile, Appellants suffer no greater detriment than they have since SB 154 became effective on July 1, 2025; and there is no reason to deviate these matters from the typical appellate course.

## CONCLUSION

For the reasons set forth above, Appellees respectfully request that this court deny Appellants' Petition for Initial Hearing En Banc in its entirety.

Dated this 21st day of September 2026.

Respectfully submitted,

**MARTY J. JACKLEY**
**ATTORNEY GENERAL**
**STATE OF SOUTH DAKOTA**

*/s/ Grant M. Flynn*
Grant M. Flynn
Assistant Attorney General
1302 E. Highway 1889, Suite 1
Pierre, SD 57501
Telephone: 605-773-3215
Email: grant.flynn@state.sd.us

## CERTIFICATE OF COMPLIANCE

1. I certify that the Appellee's Brief is within the limitation provided for in Rule 32(a)(7) using bookman old style typeface in 14 point type. Appellee's Brief contains 3,932 words.

2. I certify that the word processing software used to prepare this brief is Microsoft 365, and it is herewith submitted in PDF format.

3. I certify that the brief submitted herein has been scanned for viruses and that the brief is, to the best of my knowledge and belief, virus free.

Dated this 21st day of September, 2026.

*Grant M. Flynn*
Grant M. Flynn
Assistant Attorney General

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 21st day of September, 2026, a true and correct copy of Appellee's Brief was submitted to the Eighth Circuit Court of Appeals for review.

*Grant M. Flynn*
Grant M. Flynn
Assistant Attorney General