**Nos. 26-2596, 26-2597, 26-2694**

**UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**

ABBVIE, INC., a Delaware corporation; ALLERGAN, INC., a Delaware corporation; DURATA THERAPEUTICS, INC., a Delaware corporation; ABBVIE PRODUCTS, LLC, a Georgia limited liability company; PHARMACYCLICS, LLC, a Delaware limited liability company; ALLERGAN SALES, LLC, a Delaware limited liability company,

*Plaintiffs-Appellants*,

v.

MARTY JACKLEY, in his official capacity as Attorney General of the State of South Dakota; LARRY DEITER, in his official capacity as Director of the South Dakota Division of Insurance,

*Defendants-Appellees*.

(*Additional Captions on Inside Cover*)

On Appeal from the United States District Court for the
District of South Dakota,
Nos. 3:25-cv-03006, 4:25-cv-04156, 3:25-cv-03021 (Roberto A. Lange, C.J.)

# REPLY IN SUPPORT OF PETITION FOR INITIAL HEARING EN BANC

ERIN E. MURPHY
MATTHEW D. ROWEN
PHILIP HAMMERSLEY
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
erin.murphy@clementmurphy.com

*Counsel for Pharmaceutical Research and Manufacturers of America*

September 25, 2026

26-2597

ASTRAZENECA PHARMACEUTICALS, LP

*Plaintiff-Appellant*,

v.

MARTY JACKLEY, in his official capacity as Attorney General of the State of South Dakota; LARRY DEITER, in his official capacity as Director of the South Dakota Division of Insurance,

*Defendants-Appellees.*

26-2694

PHARMACEUTICAL RESEARCH AND MANUFACTURERS OF AMERICA

*Plaintiff-Appellant*,

v.

MARTY JACKLEY, in his official capacity as Attorney General of the State of South Dakota; LARRY DEITER, in his official capacity as Director of the South Dakota Division of Insurance,

*Defendants-Appellees.*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES.......................................................................... ii

REPLY BRIEF........................................................................................ 1

I. This Case Presents Exceptionally Important, Recurring Issues. .................. 1

II. This Case Provides An Excellent Vehicle For Full Court Review. ............... 4

CONCLUSION ........................................................................................ 7

CERTIFICATE OF COMPLIANCE .................................................................. i

CERTIFICATE OF SERVICE ....................................................................... ii

## TABLE OF AUTHORITIES

### Cases

*AbbVie Inc. v. Wrigley*,
832 F.Supp.3d 920 (D.N.D. 2026)........................................................ 2

*AstraZeneca Pharms. LP v. McClain*,
2025 WL 4092197 (E.D. Ark. Sept. 30, 2025) ......................................... 2

*Genband US LLC v. Metaswitch Networks Corp.*,
861 F.3d 1378 (Fed. Cir. 2017) ........................................................... 4

*Louis Vuitton Malletier S.A. v. LY USA, Inc.*,
676 F.3d 83 (2d Cir. 2012)................................................................. 4

*Novartis Pharms. Corp. v. Hanaway*,
180 F.4th 1097 (8th Cir. 2026) ........................................................... 1

*PhRMA v. McClain*,
95 F.4th 1136 (8th Cir. 2024) .......................................................... 1, 3

*United States v. Mitchell*,
271 U.S. 9 (1926)............................................................................... 6

### Other Authorities

Appellee.Br., *PhRMA v. Wrigley*, Nos. 26-1860, 26-1863
(8th Cir. Aug. 21, 2026)...................................................................... 6

MO.Opp., *Novartis Pharms. Corp. v. Hanaway*, No. 25-1619
(8th Cir. Aug. 21, 2026)...................................................................... 2

PhRMA.Op.Br., *PhRMA v. Brown*, Nos. 26-3709, 26-3712, 26-3714
(9th Cir. July 7, 2026)........................................................................ 4

Stay.Mot., *PhRMA v. Wrigley*, Nos. 26-1860, 26-1863
(8th Cir. July 27, 2026)...................................................................... 2

U.S. Amicus Br., *Novartis Pharms. Corp. v. Hanaway*, No. 25-1619
(8th Cir. July 23, 2026)...................................................................... 3

U.S. Amicus Br., *PhRMA v. Wrigley*, Nos. 26-1860, 26-1863
(8th Cir. Aug. 21, 2026)................................................................. 3, 4

## REPLY BRIEF

South Dakota's opposition confirms the need for en banc consideration. According to South Dakota, *PhRMA v. McClain*, 95 F.4th 1136 (8th Cir. 2024), and *Novartis Pharmaceuticals Corp. v. Hanaway*, 180 F.4th 1097 (8th Cir. 2026), already resolve all the issues this case presents. But far from helping the state, that argument just proves PhRMA's point, as it illustrates the pervasive confusion about the present state of this Court's precedent. Because neither *McClain* nor *Hanaway* considered or addressed the intergovernmental-immunity and spending-power arguments that PhRMA presses in this case, bedrock principles of stare decisis confirm that they remain live issues for this Court to consider. But in light of the repeated insistence from states and district courts that *McClain* and *Hanaway* already decided those arguments, initial hearing en banc is appropriate so that the full Court can—once and for all—resolve the full complement of challenges to these recently enacted state 340B laws, regardless of whether *McClain* or *Hanaway* are properly construed as silently deciding arguments that were never presented to those panels.

### I. This Case Presents Exceptionally Important, Recurring Issues.

South Dakota does not seriously dispute that this case presents recurring questions of exceptional importance. Nor could it: Nearly half of all states in the Union have enacted laws like South Dakota's that regulate manufacturers that participate in the federal 340B Program. And the subsequent challenges to those

laws have resulted in conflicting decisions both within this Circuit and across the country. That division of authority strongly favors granting initial hearing en banc.

Unable to deny that district courts in this Circuit have reached conflicting decisions on the constitutionality of state 340B laws even following this Court's decisions in *McClain* and *Hanaway*, the state claims that Judge Traynor's decision striking down North Dakota's 340B law is distinguishable because "the North Dakota statute is unique." Opp.12; *see* MO.Opp.3, *Novartis Pharms. Corp. v. Hanaway*, No. 25-1619 (8th Cir. Aug. 21, 2026) (making similar argument). That argument fails many times over. For one thing, North Dakota has vociferously contested that characterization of its statute. *See* Stay.Mot.6-10, *PhRMA v. Wrigley*, Nos. 26-1860, 26-1863 (8th Cir. July 27, 2026). For another, Judge Traynor did not just rely on the claimed difference in statutory coverage there. He also found *McClain* distinguishable because *McClain* "did not address" the "spending power" arguments PhRMA pressed in *Wrigley* (and here). *AbbVie Inc. v. Wrigley*, 832 F.Supp.3d 920, 937 (D.N.D. 2026). What is more, the state does not even mention *AstraZeneca Pharmaceuticals LP v. McClain*, 2025 WL 4092197 (E.D. Ark. Sept. 30, 2025), in which Judge Baker held—more than a year after this Court's *McClain* decision—that the very same Arkansas law at issue in *McClain* likely "is preempted by federal patent laws under a theory of conflict preemption," likely violates the Contracts Clause, and likely violates the Takings Clause. *Id.* at *6-9. Ignoring the

actual state of play is not a valid basis for contesting the need for full Court resolution.

And that doctrinal morass is far from the only (or even most) important issue counseling in favor of a full Court hearing. South Dakota agrees that initial hearing en banc is appropriate for cases that involve "questions of exceptional importance." Opp.8-9. But its assertion that these cases fall short of that standard rests on self-serving ipse dixit. Setting aside that the state likely would abandon that claim if a panel were to hold its law unconstitutional (just as West Virginia and Maryland did in urging the Fourth Circuit to grant en banc), the United States, speaking on behalf of the Department of Health and Human Services—the agency charged with administering the federal 340B Program—begs to differ. It has explained in detail how laws like South Dakota's threaten catastrophic damage not only to the 340B Program, but to Medicaid and Medicare Part B more generally, as they risk pushing manufacturers out of the former and thus depriving Medicaid and Medicare patients nationwide of access to manufacturers' drugs. *See, e.g.*, U.S. Amicus Br. 17-20, *PhRMA v. Wrigley*, Nos. 26-1860, 26-1863 (8th Cir. Aug. 21, 2026) ("*Wrigley*.U.S.Br."); U.S. Amicus Br. 12-13, *Novartis Pharms. Corp. v. Hanaway*, No. 25-1619 (8th Cir. July 23, 2026) ("*Hanaway*.U.S.Br.").

Given those dynamics, South Dakota's efforts to downplay the importance of the case ring hollow. South Dakota points out that PhRMA and the manufacturers

that challenged the state's law did not seek preliminary relief and "are currently functioning under South Dakota's statutory scheme without issue." Opp.15. But the decision to pursue final judgment without seeking preliminary relief does not diminish the importance of deciding whether states may impose their own conditions on participation in a federal program. *Cf. Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 104 n.20 (2d Cir. 2012) (rejecting the argument that plaintiff's interests were not seriously threatened simply because it pursued final judgment without seeking preliminary relief); *Genband US LLC v. Metaswitch Networks Corp.*, 861 F.3d 1378, 1385 (Fed. Cir. 2017) (rejecting the argument that the failure to seek preliminary relief precludes finding irreparable harm during a later stage in the litigation). Nor does the manufacturers' continued operation under the challenged law establish that its burdens are inconsequential. Quite the contrary, as compliance with laws like South Dakota's causes manufacturers millions of dollars in unrecoverable harm, *see* PhRMA.Op.Br.56-57, *PhRMA v. Brown*, Nos. 26-3709, 26-3712, 26-3714 (9th Cir. July 7, 2026) (collecting authorities)—to say nothing of the damage that such laws do to the 340B Program and federal supremacy, *see Wrigley*.U.S.Br.17-20.

## II. This Case Provides An Excellent Vehicle For Full Court Review.

The state does not mount any meaningful argument contesting that this case is an ideal vehicle for resolving the consequential legal issues that have divided

courts in this Circuit and elsewhere. *See* Pet.11-17. South Dakota never disputes that judicial economy favors initial en banc resolution in light of the ongoing challenges pending in this Court and in district courts within the Circuit. *See* Pet.13-14. Nor does it answer the arguments presented in the petition about how this case, unlike *Hanaway* (in which this Court recently denied review), presents "the full complement of challenges to state 340B laws" and "a full complement of arguments supporting the Supremacy Clause claim that all who have challenged laws like these press," Pet.2, including the distinct intergovernmental-immunity arguments the United States advanced in its brief supporting rehearing in *Hanaway*, *see Hanaway.*U.S.Br.5-8. Finally, this case provides the full Court with an opportunity to clarify what effect, if any, *McClain* and *Hanaway* have on those intergovernmental-immunity and spending-power arguments that PhRMA and the other petitioners now press.[1]

South Dakota's repeated invocation of *McClain* and *Hanaway* reinforces the need for that review. As explained above and in the petition, *McClain* and *Hanaway* do not—indeed, cannot—foreclose PhRMA's intergovernmental-immunity and spending-power arguments, because neither case addressed them. Pet.13-15; *see*

[1] To clarify for purposes of any potential recusal issues, while Novartis (the petitioner in *Hanaway*) is a member of PhRMA, PhRMA is not representing Novartis in this case, as Novartis has opted to litigate its own challenges to state 340B laws at this point rather than taking part in PhRMA's litigation.

*United States v. Mitchell*, 271 U.S. 9, 14 (1926) ("It is not to be thought that a question not raised by counsel or discussed in the opinion of [a] court has been decided merely because it existed in the record and might have been raised and considered."); *see also* Appellee.Br.38-44, *PhRMA v. Wrigley*, Nos. 26-1860, 26-1863 (8th Cir. Aug. 21, 2026) (explaining why *McClain* and *Hanaway* do not resolve PhRMA's intergovernmental-immunity and spending-power arguments). Yet both states and district courts (including the court below here) continue to invoke their reasoning as dispositive even of the new constitutional objections that PhRMA (and others) have been raising under the intergovernmental-immunity doctrine and spending-power principles. That makes it all the more important for this case to be heard en banc. Courts should not continue resolving these recurring and important challenges through conflicting assessments of what *McClain* or *Hanaway* requires vis-à-vis arguments neither panel considered. The full Court should address the underlying questions because it alone has the authority to assess and, if necessary, reconsider the reasoning and reach of those decisions.

## CONCLUSION

This Court should grant initial hearing en banc.

Respectfully submitted,

/s/ Erin E. Murphy
ERIN E. MURPHY
MATTHEW D. ROWEN
PHILIP HAMMERSLEY
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
erin.murphy@clementmurphy.com

*Counsel for Pharmaceutical Research and Manufacturers of America*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Fed. R. App. P. 40, I hereby certify that the textual portion of the foregoing brief (exclusive of the disclosure statement, tables of contents and authorities, certificates of service and compliance, but including footnotes) contains 1,371words as determined by the word counting feature of Microsoft Word 2016.

Pursuant to Circuit Rule 28A(h), I also hereby certify that electronic files of this Reply Brief have been submitted to the Clerk via the Court's CM/ECF system. The files have been scanned for viruses and are virus-free.

s/Erin E. Murphy
Erin E. Murphy

**CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/Erin E. Murphy
Erin E. Murphy